# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse Benson,                           :
                    Petitioner          :
                                        :
          v.                            :    No. 352 C.D. 2015
                                        :    SUBMITTED:  August 28, 2015
Unemployment Compensation               :
Board of Review,                        :
                    Respondent          :


BEFORE:    HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                    **FILED: January 13, 2016**


          Claimant, Jesse Benson, petitions *pro se* for review of an order of the
Unemployment Compensation Board of Review (Board) that affirmed the decision
of a referee denying him unemployment compensation benefits, concluding that his
actions constituted willful misconduct under Section 402(e) of the Unemployment
Compensation Law (Law).[1]  We consider whether a call center company
established an employee's willful misconduct where he failed to end a call with the
required script for one of its clients and failed to answer questions from a client's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§ 802(e).

customer regarding his location. We conclude that Claimant's actions constituted willful misconduct and, therefore, affirm.

From September 2013 to August 2014, Claimant worked for $8.00 per hour as a part-time communicator for Employer Infocision, a call center company with multiple clients. Claimant was aware of Employer's policy for communicators, which provided: "employees must adhere to the script, must make second requests in accordance with the client's script, and must accurately record all pledges, volunteers or sales." Board's December 31, 2014 Decision, Finding of Fact (F.F.) No. 2. Further, Employer could immediately discharge an employee for extreme rudeness, refusal to follow call procedures after multiple warnings or multiple hang-ups on donors. *Id.*, No. 3.

On August 19, 2014, Employer received a complaint that Claimant had been rude to a customer during a call. After reviewing a recording of the call, Employer learned that Claimant had ignored questions from a customer of one of its clients and had ended the call contrary to Employer's script for that client. *Id.*, Nos. 8 and 9. Specifically, when the customer asked Claimant in which state he was located, Claimant replied "thank you" and ended the call. *Id.*, No. 10. Employer's script for that particular client required Claimant to end the call as follows: "Thank you for calling LaSalle Plumbing, Heating and Air Conditioning. Have a wonderful day." *Id.*, No. 11. Pending an investigation of the incident, Employer suspended Claimant on August 19. On August 25, Employer discharged Claimant on the ground that the customer call at issue was in violation of its policy, *inter alia*, requiring him to adhere to a script. *Id.*, No. 13.

Employer terminated Claimant pursuant to its progressive discipline policy, which provided: "a verbal warning, written warning, one (1) day

2

suspension, final warning/three (3) day suspension, and termination." *Id*., No. 5. Claimant had already progressed through the process and received a final warning and three-day suspension in May 2014. *Id*., No. 6. In the final warning preceding the three-day suspension, Employer had also reminded Claimant that he had to adhere to the script. *Id*., No. 7.

Claimant applied for benefits and the Department of Labor and Industry determined that he was eligible. Certified Record (C.R.), Item No. 6, September 22, 2014 Notice of Determination. Employer appealed and the referee held a hearing where Claimant and three witnesses for Employer appeared and testified. The referee reversed the Department's determination. The Board affirmed, determining that Employer established willful misconduct via Claimant's failure to adhere to Employer's policy requiring him to follow the client's script and to answer a customer's questions. In addition, the Board concluded that Claimant failed to establish good cause for his conduct, resolving the conflicts in testimony, in relevant part, in favor of Employer's witnesses. Claimant's petition for review followed.[2]

Section 402(e) provides, in pertinent part, that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ." The term "willful misconduct" has been defined to include: 1) the wanton and willful disregard of the employer's interests; 2) the deliberate violation of rules; and 3) the disregard of standards of behavior which an employer

---

[2] Whether a claimant's actions constitute willful misconduct is a question of law over which we exercise plenary review. *Yost v. Unemployment Comp. Bd. of Review*, 42 A.3d 1158, 1162 (Pa. Cmwlth. 2012).

3

can rightfully expect of its employee. *Glatfelter Barber Shop v. Unemployment Comp. Bd. of Review*, 957 A.2d 786, 792 (Pa. Cmwlth. 2008). The employer bears the initial burden of proving that a claimant engaged in willful misconduct and, if the willful misconduct charge is based upon a violation of a work rule, the employer must prove the existence of the rule, its reasonableness, and that the employee was aware of the rule. *Brown v. Unemployment Comp. Bd. of Review*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012). Once an employer satisfies its *prima facie* case, the burden shifts to the claimant to demonstrate that the rule was unreasonable or that he had good cause for his conduct. *Id*. The claimant has good cause if his action "is justifiable or reasonable under the circumstances." *Frumento v. Unemployment Comp. Bd. of Review*, 351 A.2d 631, 634 (Pa. 1976).

On appeal, Claimant argues that the Board's determination of willful misconduct cannot stand where Employer first maintained that it fired him for rudeness but later asserted that it fired him for failure to adhere to the script. He contends that there is no indication that his conduct during the call was rude or outlandish. In addition, he challenges Employer's overall credibility. Accordingly, he requests that we reverse the Board's determination and restore his benefits.

Contrary to Claimant's argument, Employer's initial characterization of his conduct as rude does not vitiate the basis for the termination that it arrived at after its investigation: failure to follow Employer's policy, which was also the basis of the Board's decision. Call center supervisor Erik Bachinger testified that the problem with Claimant's handling of the call was with its closing, specifically, the fact that he ignored the customer's question and hung up on her without reciting the remainder of the script ("Thank you for calling LaSalle Plumbing,

4

Heating and Air Conditioning. Have a wonderful day."). C.R., Item No. 10, November 5, 2014, Notes of Testimony (N.T.) at 10-11. In other words, where Employer required Claimant to recite the aforementioned scripted closing, Claimant closed with "Thank you." *Id*., N.T. at 10.

As a result of its investigation, Employer suspended Claimant for willfully failing to perform his job as trained, exhibiting poor internalization, violating the client file policy agreement and failing to answer questions from a client's customer. C.R., Item No. 7, August 19, 2014 Employee Counseling Notice. In its subsequent discharge letter, Employer stated that it was terminating Claimant's employment "for willful failure to follow company rules or procedures." *Id*., August 25, 2014 Termination Letter. Enumerating Claimant's history of warnings and suspensions,[3] Employer specifically referenced the incident in question:

> During a client monitoring, it was observed that you did not handle a Live Answer call appropriately for LaSalle Plumbing. There were excessively long pauses on your part during the call which took away from the customer experience, and caused the caller to become frustrated with you. You also did not answer the caller's questions which also contributed to her frustrations with you.

*Id*.

---

[3] Claimant's history involving violations for call center procedures include: July 2014 verbal warning - performance improvement plan; May 2014 final warning/three-day suspension - client complaint, violation of client file policy agreement; March 2014 one-day suspension - violation of client file policy agreement; December 2013 written warning - violation of client file policy agreement and rudeness; December 2013 verbal warning - violation of client file policy agreement and low quality; and October 2013 final warning/three-day suspension - conduct. C.R., Item No. 7; August 25, 2014 Termination Letter. To the extent that a witness for Employer testified that violations involving its attendance policy are on a different track than the ones involving call center procedures, we have not included the former in this recitation. C.R., Item No. 10, November 5, 2014, N.T. at 8.

5

Here, the Board's findings reflect that Claimant violated Employer's policy concerning adherence to the "script" after multiple warnings and a final suspension. These findings are not challenged on appeal, nor has Claimant made any showing that he had good cause for not adhering to the "script."[4]

For all the above reasons, we affirm the order of the Board.

 

 

 

**BONNIE BRIGANCE LEADBETTER,**
Judge

---

[4] Although the Board resolved the conflicts in testimony in favor of Employer, we note Claimant's explanation for how he managed the call at issue and why he avoided relating his location to the customer: "First, there are some 7-13 live answer scripts. 2nd, the script . . . directed me to say 'I'm the receptionist,' which automatically assumes that I'm in CA. Then for me to say, I'm in West. PA - says I'm a lier [sic]." C.R., Item No. 3, Employer's August 17, 2014 Communicator Incident Conference Sheet.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jesse Benson,                                   :
                        Petitioner              :
                                                :
            v.                                  :       No. 352 C.D. 2015
                                                :
Unemployment Compensation                       :
Board of Review,                                :
                        Respondent              :

# **O R D E R**

AND NOW, this 13th day of January, 2016, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge